# txUNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBERTO ANTONIO LOZADA,**

        **Petitioner,**

v.                                            **Case No:  6:15-cv-1412-Orl-37DAB**
                                                              **(6:12-cr-52-Orl-37DAB)**

**UNITED STATES OF AMERICA,**

        **Respondent.**
_____/

## ORDER

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2255. Petitioner also filed a Memorandum of Law (Doc. 2) in support of the Motion to Vacate. The Government filed a Response in Opposition to the Motion to Vacate ("Response," Doc. 9) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts.* Petitioner filed a Reply (Doc. 14) to the Government's Response. For the reasons set forth herein, the Motion to Vacate will be denied as untimely.

### I. PROCEDURAL BACKGROUND

A Grand Jury charged Petitioner and another individual by Indictment with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride. (Criminal Case No. 6:12-cr-52-Orl-37DAB, Doc. 23).[1] Petitioner subsequently entered into a Plea Agreement (Criminal Case Doc. 53) in which he

---

[1] Criminal Case No. 6:12-cr-52-Orl-37DAB will be referred to as "Criminal Case."

agreed to enter a guilty plea to the charge. Petitioner entered his plea before Magistrate Judge Thomas B. Smith, who filed a Report and Recommendation Concerning Plea of Guilty. (Criminal Case Doc. 58) recommending that the Plea Agreement and the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

The Court then entered an Acceptance of Plea of Guilty and Adjudication of Guilt (Criminal Case Doc. 59) in which the guilty plea was accepted and Petitioner was adjudicated guilty of the offense. On October 3, 2012, the Court entered a Judgment in a Criminal Case (Criminal Case Doc. 99) in which Petitioner was sentenced to imprisonment for a term of 140 months. On January 7, 2013, the Eleventh Circuit Court of Appeals granted Petitioner's voluntary motion to dismiss the appeal with prejudice and issued mandate. (Criminal Case Doc. 114).

## II.  LEGAL STANDARD

A motion under section 2255 must be filed within one-year from the latest of the following:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255. The Motion to Vacate is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

### III. ANALYSIS

In the present case, the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal on January 7, 2013. The Eleventh Circuit Court of Appeals has not addressed the issue of whether the date a conviction becomes final when a direct appeal is voluntarily dismissed. In an abundance of caution, the Court will find that Petitioner is entitled to the 90–day period to file a petition for a writ of certiorari in the Supreme Court of the United States. *See* Rule 13 of *The Rules of the Supreme Court of the United States* (the 90-day period runs from the date of the entry of the judgment and not from the issuance date of the mandate). As a result, the one-year limitation period commenced on April 8, 2013.[2] Consequently, barring any tolling, the one-year limitation period for Petitioner to file a § 2255 motion expired on April 8, 2014. See 28 U.S.C. § 2255(f)(1). Petitioner's § 2255 motion, however, was not filed until August 24, 2015, under the mailbox rule.[3] Because the Motion to Vacate was not filed by April 8, 2014, it is time-barred and must be denied.

---

[2] The 90–day period for filing a petition for writ of certiorari expired on Sunday, April 7, 2013, but, pursuant to Sup.Ct. R. 30, because that day fell on a Sunday, the period was extended through Monday, April 8, 2013.

[3] *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

Petitioner states that section 2255(f)(4) is applicable to this case because defense counsel did not properly investigate his prior convictions. (Doc. 14 at 2). Section 2255(f)(4) provides that the "limitation period shall run from the latest of the date on which the facts supporting the claim or claims presented could have been discovered through due diligence." Petitioner has failed to properly articulate how section 2255(f)(4) is applicable to this case, and the Court finds no basis supporting relief under section 2255(f)(4).

Petitioner has not pointed to any valid statutory ground for extending the deadline for filing his Motion to Vacate. Further, Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence. Accordingly, the Motion to Vacate is time-barred and is dismissed.

Allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

An application for a certificate of appealability should be granted only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must

state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Rule 11, *Rules Governing Section 2254 Cases In the United States District Courts.*

Petitioner fails to make a substantial showing of the denial of a constitutional right.

### V. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**. 2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:12-cr-52-Orl-37DAB.

5. The Clerk of the Court is directed to terminate any related section 2255 motion filed in criminal case number 6:12-cr-52-Orl-37DAB.

**DONE** and **ORDERED** in Orlando, Florida on July 1st, 2016.

ROY B. DALTON JR.
United States District Judge

5

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 7/1